IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAYLOR DENNINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | |
| BRINKER INTERNATIONAL, INC. | § | |
| and BRINKER INTERNATIONAL | § | |
| PAYROLL COMPANY, L.P., | § | |
| | § | |
| Defendants. | § | [JURY TRIAL DEMANDED] |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Taylor Dennington ("Dennington" or "Plaintiff") brings this action to recover unpaid wages from Brinker International, Inc. ("Brinker, Inc.") and Brinker International Payroll Company, L.P. ("Brinker, L.P.") (collectively, "Defendants" or "Brinker").

**I. NATURE OF SUIT**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.* In order to apply a tip credit toward an employee's minimum wage, an employer must satisfy two conditions: 1) The employer must inform the employee that

it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a tipping pool among employees who customarily and regularly receive tips. *Id.*

3. Brinker violated the FLSA by requiring Dennington to participate in an invalid tip pool, whereby Plaintiff was required to pay a percentage of his tips to Brinker, which then distributed that portion of tips to employees who did not customarily and regularly receive tips. Accordingly, Dennington brings this action to recover unpaid wages under section 216(b) of the FLSA.

4. Brinker further violated the FLSA by requiring Dennington to work off the clock, so that he did not receive any compensation for some of the hours that he worked. Accordingly, Dennington brings this action to recover unpaid wages under sections 206(a) and 216(b) of the FLSA.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. § 201, *et seq.*

6. Dennington's claims arise under sections 3(m), 6(a), and 16(b) of the FLSA. 29 U.S.C. §§ 203(m), 206(a), and 216(b). In connection with the acts and course of conduct alleged in this complaint, Dennington engaged in commerce or in the production of goods for commerce. Further, Defendants constitute employers that engaged in commerce or in the production of goods for commerce and are, therefore, covered by the FLSA.

7. Venue is proper in the Northern District of Texas—Dallas Division because a substantial part of the acts and conduct charged herein occurred in this district.

### III. THE PARTIES

8. Plaintiff Dennington is a resident of Midlothian, Ellis County, Texas. Dennington was an employee employed by Brinker within the meaning of the FLSA.

9. Defendant Brinker, Inc. is a Delaware corporation that owns and operates full-service casual dining restaurants under the trade names of Chili's Grill & Bar, Corner Bakery Café, On the Border Mexican Grill and Cantina, Maggiano's Little Italy, Romano's Macaroni Grill, Rockfish Seafood Grill, and others. Upon information and belief, the restaurants owned and operated by Brinker, Inc. are wholly or majority-owned subsidiaries of Brinker, Inc. While these subsidiaries are formally separate companies, they are managed as a single entity, at least for employment purposes, and all business and personnel policies for the subsidiaries are promulgated by Brinker, Inc. Furthermore, Brinker, Inc. is an "employer" under the FLSA and acted as such in relation to Dennington. Brinker, Inc. may be served with process through its registered agent, Prentice Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

10. Defendant Brinker, L.P. is a Delaware limited partnership. Brinker, L.P. is an "employer" under the FLSA and acted as such in relation to Dennington. Brinker, L.P. may be served with process through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701.

### IV. FACTS UNDERLYING THE CLAIMS

11. Dennington is a former server at Brinker's Chili's Grill & Bar ("Chili's") located in Cedar Hill, Texas. Brinker paid Dennington less than minimum wage, taking advantage of a tip credit, which allowed Brinker to include in its calculation of Dennington's wages a portion of the amounts that Dennington received in tips. Brinker required Dennington to contribute a portion of his total gross sales during each shift to a tip pool controlled by Brinker. Brinker then

distributed the entire tip pool between bartenders, bussers, and Quality Assurance workers ("QAs").

12.     Brinker's QAs at its Chili's restaurants are not tipped employees. Because Dennington, as a tipped employee, was only required to contribute to a tip pool from which other tipped employees would draw, he should have been paid at least minimum wage during those shifts where he was required to tip-out a QA. 29 U.S.C. § 203(m). Because Brinker's QAs at the Chili's restaurant where Dennington worked received a portion of Dennington's tips, Brinker's practice was in clear violation of the FLSA.

13.     Brinker also required Dennington to work off the clock, in violation of the FLSA.

14.     Brinker knew or should have known that its policies and practices violated the FLSA, and Brinker did not make a good faith effort to comply with the FLSA. Rather, Brinker knowingly, willfully, and/or with reckless disregard carried out this illegal pattern or practice regarding tip-out to Brinker's QAs at the Chili's restaurant where Dennington worked.

## V. CAUSES OF ACTION

15.     Plaintiff incorporates herein all allegations contained in paragraphs 1 through 14.

16.     Brinker's practice of requiring Dennington to pay a percentage of his tips to Brinker's QAs at the Chili's restaurant where Dennington worked was in violation of the FLSA. 29 U.S.C. § 203(m). Accordingly, Dennington is entitled to minimum wage for each hour he worked during shifts where he was required to pay a percentage of his tips to a QA. *Id.*

17.     Brinker's practice of requiring Dennington to work off the clock was also in violation of the FLSA. Accordingly, Dennington is entitled to minimum wage for those hours he was required to work off the clock.

18.     Additionally, Dennington is entitled to an amount equal to all his unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. §

216(b).

## VII. JURY DEMAND

19. Dennington hereby demands a trial by jury.

## VIII. PRAYER

20. WHEREFORE, Dennington respectfully requests that judgment be entered in his favor, awarding him:

    a. minimum wage for each hour he worked during shifts where he was required to pay a percentage of his tips to a QA;

    b. minimum wage for each hour he worked off the clock;

    c. an equal amount as liquidated damages as allowed under the FLSA;

    d. an injunction against further violations;

    e. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

    e. such other and further relief as may be required by law.

Respectfully submitted,

By: */s/ Daryl J. Sinkule*
    MARTIN A. SHELLIST
    State Bar No. 00786487
    Federal ID No. 16456
    DARYL J. SINKULE
    State Bar No. 24037502
    Federal ID No. 34842
    3D/International Tower
    1900 West Loop South, Suite 1910
    Houston, Texas 77027
    Telephone: (713) 621-2277
    Facsimile: (713) 621-0993

**OF COUNSEL:**
SHELLIST ✯ LAZARZ LLP

**ATTORNEYS FOR PLAINTIFF**
**TAYLOR DENNINGTON**