```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

TAYLOR DENNINGTON,               §
                                 §
               Plaintiff,        §
                                 § Civil Action No. 3:09-CV-1489-D
VS.                              §
                                 §
BRINKER INTERNATIONAL            §
PAYROLL COMPANY, L.P.,           §
                                 §
               Defendant.        §
```

                    MEMORANDUM OPINION
                       AND ORDER

In this action to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the dispositive question presented is whether plaintiff has raised a genuine fact issue regarding a willful violation or equitable tolling so as to defeat defendant's affirmative defense of limitations. Concluding that he has not, the court grants defendant's motion for summary judgment and dismisses this case with prejudice.

                            I

Plaintiff Taylor Dennington ("Dennington") was employed by defendant Brinker International Payroll Company, L.P. ("Brinker International")[1] as a server and a bartender at a Chili's Grill and Bar Restaurant from April 27, 2003 to January 9, 2005.[2] Dennington

---

[1] Dennington originally sued Brinker International, Inc. as well, but that defendant was dismissed by stipulation of dismissal. Only Brinker International remains as a defendant.

[2] In recounting the factual background, the court summarizes the evidence in the light most favorable to Dennington as the summary judgment nonmovant and draws all reasonable inferences in

sues Brinker International under the FLSA, alleging that he was not paid the statutory minimum wage because of how Brinker International credited tips. Under the FLSA, an employer may take into account the amount of tips received when calculating the employee's wages. *See* 29 U.S.C. § 203(m). This includes tips contributed to a tipping pool if the tipping pool exists exclusively among employees who customarily and regularly receive tips. *Id.* Dennington alleges that he was required to share tips with quality assurance ("QA") coworkers who did not perform sufficient customer service job responsibilities to permit them to lawfully share in required tip pools under the FLSA. Dennington asserts that because tip credit was improperly applied, Brinker International failed to pay him the minimum wage required under the FLSA.[3]

Brinker International moves for summary judgment, contending, *inter alia*, that the statute of limitations bars Dennington's action, in whole or in part.[4]

---

his favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701-02 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

[3]He also alleged that he was required to work off the clock, but that claim was dismissed by stipulation of dismissal.

[4]Brinker International also contends that there is no competent evidence that Dennington was required to share tips with QA coworkers, and that QA coworkers were eligible to participate in mandatory tip pools. The court need not reach these grounds of the motion.

II

If an action for unpaid minimum wages is not commenced within two years after the cause of action accrues, it is barred. 29 U.S.C. § 255(a). But if the plaintiff proves a willful violation of the FLSA, a three-year limitations period applies. *See, e.g., Braddock v. Madison Cnty.*, 34 F.Supp.2d 1098, 1112 (S.D. Ind. 1998) ("Under the FLSA, the statute of limitations is two years in most cases, but three years for willful violations. The statute of limitations remains an affirmative defense[.]" (citation omitted)). Because limitations is an affirmative defense, Brinker International will bear the burden of proof on this defense at trial. As this court has explained in an FLSA case involving a limitations-based summary judgment motion, "[t]o be entitled to summary judgment on an affirmative defense for which it will have the burden of proof, [the defendant] must establish beyond peradventure all of the essential elements of the defense. The court has noted that the beyond peradventure standard is heavy." *Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F.Supp.2d 802, 807 (Fitzwater, C.J.) (brackets added; citations, ellipsis, and internal quotation marks omitted).

For the three-year limitations period to apply, however, Dennington must prove that the alleged violation was willful. "The FLSA plaintiff bears the burden of showing that an employer's violation was willful." *Id.* at 807-08. Additionally, "[t]he party

who invokes equitable tolling bears the burden of proof." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Accordingly, if Dennington relies on a willful violation and/or equitable tolling to avoid summary judgment based on limitations, Brinker International will not have the burden of proof at trial on either ground. To obtain summary judgment based on limitations, Brinker International "need only point the court to the absence of evidence" to support these grounds for avoiding the limitations bar. *See Valcho*, 658 F.Supp.2d at 807.

> Once it does so, [Dennington] must go beyond [his] pleadings and designate specific facts demonstrating that there is a genuine issue for trial. An issue is genuine if the evidence is such that a reasonable jury could return a verdict for [Dennington]. [Dennington's] failure to produce proof as to any essential element renders all other facts immaterial. Summary judgment is mandatory where [Dennington] fails to meet this burden.

*Id.*

III

Brinker International has pointed to the absence of evidence of willfulness as the basis for its reliance on the two-year statute of limitations (which has indisputably expired because Dennington last worked on January 9, 2005, and he did not file this lawsuit until August 11, 2009). In Brinker International's motion, it also predicted that Dennington would argue that the limitations period was equitably tolled while he was a party to a collective action against Brinker International. Dennington opted into the

collective action, *Roussell v. Brinker International, Inc.*, 4:05-CV-03733 (S.D. Tex.), on December 13, 2006, presumably seeking relief similar to the relief he seeks in this case, and he was dismissed effective November 15, 2008. But Dennington does not explicitly rely on equitable tolling in his summary judgment response.

Absent evidence that would permit a reasonable jury to find that the limitations period was equitably tolled—and Dennington has introduced none in response to the summary judgment motion—his FLSA claim is time-barred. He filed this lawsuit on August 11, 2009, more than four years after his employment concluded. The two- and three-year limitations periods have therefore both expired. Brinker International has established beyond peradventure that Dennington's FLSA action is time-barred.

IV

Assuming *arguendo* that the limitations period *was* tolled while Dennington was a party in *Roussell*, he must still rely on a willful violation, because the two-year statute of limitations expired before he filed this lawsuit.[5] For the three-year statute of limitations to apply, however, Dennington must prove that Brinker International willfully violated the FLSA. Because Dennington will have the burden of proof at trial on the issue of willfulness,

---

[5]Stated another way, deducting the tolled period from the period January 9, 2005 to August 11, 2009, more than two years of countable time elapsed.

Brinker International is only required at the summary judgment stage to point to the absence of evidence of a willful violation. As noted above, it has done so. In Dennington's response to the motion, he only asserts that it is a fact question whether the violation is willful. Although the court recognizes that Brinker International moves for summary judgment on grounds other than limitations, and that it was necessary for Dennington to address these grounds in his summary judgment response, it is notable that he essentially devotes no more than one paragraph of his brief to the limitations defense. *See* P. Br. 12. In this paragraph he acknowledges that he has the burden of proving a willful violation, and he then simply asserts that "the determination of willfulness is a fact issue and should, therefore, be submitted to a jury." *Id.* But Dennington cannot defeat summary judgment simply by making this assertion. He must produce *evidence* that creates a genuine fact issue, i.e., proof that would enable a reasonable jury to find in his favor on this issue.

> An FLSA plaintiff seeking to invoke the three-year limitations period cannot survive a motion for summary judgment unless he makes a competent demonstration that there is a trialworthy issue as to whether the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute.

*Clarke v. JPMorgan Chase Bank, N.A.*, 2010 WL 1379778, at *10 (S.D.N.Y. Mar. 26, 2010) (internal quotation marks omitted) (quoting *Lopez v. Corporacion Azucarera de P.R.*, 938 F.2d 1510,

1515-16 (1st Cir. 1991)). Dennington has not gone beyond his pleadings and designated facts that would enable a reasonable jury to find that Brinker International wilfully violated the FLSA. Therefore, his suit is governed by the two-year limitations period, and it is time-barred.

* * *

Accordingly, for the reasons explained, the court holds that Dennington's suit is time-barred. Brinker International's motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

November 3, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE